UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MICHAEL THUEMLER,<br><br>    Plaintiff,<br><br>    v.<br><br>STANISLAUS COUNTY, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-00332-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Justin Michael Thuemler is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983, filed on February 29, 2016, in the United States District Court for the Central District of California. The action was transferred to this Court on March 7, 2016.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff names Stanislaus County, Judge Silveria, public defender Snypes, and district attorney Holtman as Defendants in this action.

Plaintiff contends Stanislaus County has put his life in danger by not allowing him to leave. Plaintiff was advised that he would be killed if he did not turn over evidence against certain outlaw motorcycle clubs. When Plaintiff refused they roused up this case and filed criminal charges against him.

Plaintiff's public defender Snypes took Plaintiff in a room where Judge Silveria and deputy attorney H. Holtman and two officers were waiting. The two officers slammed part of Plaintiff's upper body on the table and told him if he didn't help them he could just as easily disappear. Ms. Holtman and Judge Silveria said if Plaintiff did not help them they would "put this case on me and ruin my life forever!" They also told Plaintiff it would be known that he was a confidential informant on the outlaw bikers.

As relief, Plaintiff seeks to not be allowed to register so he can hide from the outlaw bikers who want to kill him because he is a confidential informant.  Plaintiff also seeks $675.000.00 ($300.00 for each day) he was incarcerated and away from his son.

## III.

## DISCUSSION

### A. Challenge to Criminal Conviction

A challenge to conditions of confinement is properly raised in a civil rights action, a challenge to the fact and/or the duration of confinement must be raised in a petition for writ of habeas corpus. 28 U.S.C. § 2254(a); <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485(1973)); <u>accord</u> <u>Beardslee v. Woodford</u>, 395 F.3d 1064, 1068-69 (9th Cir. 2005) (per curiam).  To the extent Plaintiff wishes to challenge his conviction and/or sentence, his sole remedy is to file a petition for writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. at 500.  Indeed, on February 1, 2016, Plaintiff filed a petition for writ of habeas corpus in this Court in <u>Justin Michael Thuemler v. Stanislaus County</u>, 1:16-cv-00175-MJS (HC), which is presently pending.  In that petition, Plaintiff challenges his September 24, 2013, Stanislaus County conviction which resulted in a six year prison term and contends he was threatened into a plea.[1]  (1:16-cv-00175-MJS, ECF No. 1, Petition, at 1.)  Because Plaintiff's instant challenge to his Stanislaus County conviction and/or sentence is not cognizable by way of a section 1983 complaint, the action must be dismissed for failure to state a cognizable claim for relief.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed, without leave to amend, for failure to state a cognizable claim for relief.

---

[1] In addition, Plaintiff previously brought an action in this Court in case number 1:16-cv00182-AWI-SAB (PC) and describes such action as the "same as above."  (ECF No. 1, Compl. at 1.)  In that case, a Findings and Recommendation recommending dismissal of the action for failure to state a cognizable claim for relief was issued on February 12, 2016. (ECF No. 6.)

1  This Findings and Recommendation will be submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**
3 after being served with this Findings and Recommendation, Plaintiff may file written objections with
4 the Court.   The document should be captioned "Objections to Magistrate Judge's Findings and
5 Recommendation."  Plaintiff is advised that failure to file objections within the specified time may
6 result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014)
7 (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

10 IT IS SO ORDERED.

11 Dated:   **March 11, 2016**
12                                                                         UNITED STATES MAGISTRATE JUDGE